In the Matter of the Estate of ESTHER G. PALMER, Deceased.

Surrogate's Court, Oneida County, November 15, 1928.

*Miller & Hubbell,* for Carrie Whiffen and Gertrude Mills Wagoner, legatees.

*Emerson M. Willis,* for the executor of estate of Walter Palmer.

EVANS, S. The will of the above-named testatrix was admitted to probate on February 10, 1908. According to its provisions her husband, Walter B. Palmer, was entitled to a life use of certain property which included a block of stock in Pullman, Inc.

Walter B. Palmer died on March 18, 1928.

The Pullman Company paid a quarterly dividend on its stock on February 15, 1928, and another dividend on May 15, 1928. The stock at this time had not been transferred on the books of the corporation to the two legatees who owned it and consequently the check representing the dividend was paid to the estate of Walter B. Palmer.

The representative of this estate contends that it is entitled to the portion of the dividend that may be computed for the period from the date of the prior dividend on February 15, 1928, to and including March 18, 1928, the date of death of the life beneficiary, or in other words to a trifle more than one third.

The owners of the stock claim that the entire amount is due to them and not subject to apportionment. Section 204 of the Surrogate's Court Act in so far as it applies to the matter under consideration, provides as follows: " All rents reserved on any lease made after June seventh, eighteen hundred and seventy-five, and all annuities, dividends and other payments of every description made payable or becoming due at fixed periods under any instrument executed after such date, or, being a last will and testament that takes effect after such date, shall be apportioned so that on the death of any person interested in such rents, annuities, dividends or other such payments, or in the estate or fund from or in respect to which the same issue or are derived, or on the determination by any other means of the interest of any such person, he, or his execu-

tors, administrators or assigns, shall be entitled to a proportion of such rents, annuities, dividends and other payments, according to the time which shall have elapsed from the commencement or last period of payment thereof, as the case may be, including the day of the death of such person, or of the determination of his or her interest, after making allowance and deductions on account of charges on such rents, annuities, dividends and other payments."

It would seem that apportionment is proper only when applied to some instrument making the dividends payable at fixed periods. There was no definite time at which the Pullman Company paid its dividends. Its earnings and other causes were factors in determining the amount and time of payment.

" In the absence of any provisions in a contract of sale and purchase of stock the law gives the dividends to the owner of the shares when the dividends are actually declared, and not to the owner of the stock before such declaration." (*Matter of Kane*, 64 App. Div. 566, and cases there cited.)

This rule appears to be well established, and it follows under the circumstances of the case at bar that no apportionment can be made of the dividend in question and that it all belongs to the two legatees.

Decreed accordingly.